IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID HILL DEVELOPMENT, LLC, an
Oregon limited liability company,

                        Plaintiff,

            v.

CITY OF FOREST GROVE, an Oregon
municipal corporation; STEVE A. WOOD,
individually and in his capacity as Project
Engineer for the City of Forest Grove; and
ROBERT A. FOSTER, individually and in his
official capacity as Engineering Director and
Public Works Director for the City of Forest
Grove,

                        Defendants.

08-CV-266-AC

ORDER ON DEFENDANTS'
OBJECTIONS TO SPECIAL DAMAGES

ACOSTA, Magistrate Judge

        This order address Defendants' Objections to Plaintiff's Itemized Statement of Special

Damages (doc. #137).  The court has reviewed and considered the parties' respective arguments,

and defendants' objections are overruled.


Page 1 - ORDER ON DEFENDANTS' OBJECTIONS TO SPECIAL DAMAGES

Specifically, plaintiff submitted an Itemized Statement of Special Damages (doc. #120) seeking damages in the amount specified for: (1) Decline in Market Value; (2) Increased Cost Due to Delay; (3) Additional Costs Caused by City's Unlawful Conduct; and (4) Opportunity Costs. Defendants object to these damages as not recoverable under a temporary takings claim. Rather, defendants contend plaintiff is entitled to recover simply the fair rental value of the property for the period of the taking. *See Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1580-81 (Fed. Cir. 1990). Defendants explain any damage caused by a temporary taking ends when the taking period is over. Additionally, defendants maintain there is no causal link between defendants' conduct and loss to plaintiff resulting from market fluctuations. Finally, defendants object to some of plaintiff's itemized damages as resulting in a double recovery.

In *Yuba*, the Federal Circuit refused plaintiff's request for market decline damages primarily because there was "clear and convincing evidence of the fair rental value of the property." 904 F.2d at 1582. Plaintiff in *Yuba* was awarded $580,555.40 rental value for the property. The circumstances of *Yuba* are distinguishable with the present case because there is no "rental value" for an uncompleted subdivision and defendants' view of the compensation allowed for a temporary taking would leave plaintiff without a remedy despite its allegations of significant interference by defendants with plaintiff's investment-backed expectations. *See generally Kimball Laundry Co. v. United States*, 338 U.S. 1, 7 (1949) (Government "federalized" a laundry business, *i.e.*, a temporary taking, during wartime and court rejected a decline in market value theory because "there might frequently be situations in which the owner would receive no compensation whatever").

Page 2 - ORDER ON DEFENDANTS' OBJECTIONS TO SPECIAL DAMAGES

Defendants' view of the measure of compensation for plaintiff's temporary takings claims is narrow and focuses on a single method of compensation, *i.e.*, the difference in rental value. In fact, under defendants' theory of recovery, plaintiff would be awarded no damages for its takings claim. Plaintiff has alleged intentional misconduct by defendants and is seeking damages for market decline as well as for the harm resulting from the alleged interference with potential sales to specific buyers, and other increased costs due to the delay, including opportunity costs. Plaintiff stipulated to a jury instruction requiring it to prove "extraordinary delay" in order to prevail on its temporary takings claim. If plaintiff is successful in proving extraordinary delay, it should be entitled to recover compensatory damages as a measure of just compensation under its temporary taking claim. *See First Evangelical Lutheran Church of Glendale v. Los Angeles County*, 482 U.S. 304, 318 (1987) ("'temporary' takings which . . . deny a landowner all use of his property, are not different in kind from permanent takings, for which the Constitution clearly requires compensation."); *see also Schneider v. County of San Diego*, 285 F.3d 784, 790 (9th Cir. 2002) ("change in the market value in the property" during a period of delay between valuation and the tender of payment was a legitimate element of a just compensation under the takings clause).

The court previously ruled "the issue of damages is fact-specific" and should be determined by the fact-finder, the formula for which shall be established based on the specific facts of this case." *See David Hill v. City of Forest Grove*, 688 F. Supp.2d 1203, 1222 (D. Or. 2010). The court is not inclined at this juncture to limit the evidence plaintiff can present to the jury to explain its damages.

The court has carefully reviewed the remaining objections to Plaintiff's Itemized Statement of Special Damages. Plaintiff is not requesting pre-judgment interest separate from

Page 3 - ORDER ON DEFENDANTS' OBJECTIONS TO SPECIAL DAMAGES

the alleged opportunity costs.  Nor is plaintiff permitted to recover twice for the same injury.

Finally, issues of causation are for the jury to decide.  Accordingly, defendants' Objections to

Plaintiff's Itemized Statement of Damages are overruled.

IT IS SO ORDERED.

DATED this ___1st___ day of September, 2011.

JOHN V. ACOSTA
United States Magistrate Judge